JiDECUIR, Judge.
This appeal arises from the judgment of the trial court rendered after a trial for partition of community property. The trial court found that the sale of certain immovable property on May 11,1990, from Kelly C. Wiley, Jr.’s parents, Kelly C. Wiley and Tele-an Deville Wiley, to Carol Lee Ducote Wiley and Kelly C. Wiley, Jr., was a valid sale during the existence of the marriage between plaintiff and defendant even though the sale was not recorded until August 3, 1993. The trial court further found that the subsequent sale of the same property by the same vendors to another family member within a week of the filing of the petition for divorce was a simulated sale and thus null and void.
The defendant, Kelly C. Wiley, Jr., appeals the judgment, assigning as error the trial court’s findings that the sale between defendant’s parents and plaintiff and defendant was a valid sale and that the subsequent sale to defendant’s sister was null and void as a simulated sale. Defendant also contends that the trial court erred in ^assigning a value to the community of $11,859.38, representing the “present value” of social security benefits due to the defendant. Plaintiff does not dispute that the social security benefits should not have been itemized as a community asset with a fixed value assigned to it. However, plaintiff contends that the trial court was correct in finding that the immovable property sold to plaintiff and defendant on May 11, 1990, belonged to the community of acquets and gains existing between the parties hereto.
The record reflects that on May 11, 1990, by Cash Sale Deed, Kelly C. Wiley and Tele-an Deville Wiley conveyed immovable property, consisting of four acres located in Rap-ides Parish, to Kelly C. Wiley, Jr., and Carol Ducote Wiley. The sale to plaintiff and defendant was not recorded until August 3, 1993. Plaintiff continues to occupy the property made subject of this litigation. On June 3, 1993, shortly after plaintiff and defendant separated, defendant’s parents sold the same property to defendant’s sister, Billie Wiley Wages. Plaintiff filed a petition for divorce on June 9,1993. Neither the vendors, Kelly C. and Telean Deville Wiley, nor the vendee *898 to the second sale, Billie Wiley Wages, was made a party to the litigation.
The failure to join a party needed for just adjudication may be noticed by an appellate court on its own motion. La.Code Civ.P. arts. 646, 927(B). While we do not disagree with the trial, court’s findings regarding the two sales in question, we are constrained to vacate the trial court’s judgment and remand the case for joinder of Kelly C. Wiley, Sr., Telean Deville Wiley, and Billie Wiley Wages pursuant to La.Code Civ.P. arts. 641, 646. Because the trial court’s judgment directly affects the rights of these parties in the property made subject of the litigation, a complete and equitable adjudication cannot be made in their absence. See State Through Dept. of Highways v. Lamar Advertising Co. of Louisiana. Inc., 279 So.2d 671 (La.1973).
|;;The judgment of the trial court is hereby vacated and the case remanded for further proceedings consistent with the views expressed herein and in accordance with law.
Costs of appeal are assessed one-half to appellant and one-half to appellee.
JUDGMENT VACATED AND REMANDED.